*Flowers v. Hartford Life and Accident Ins. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand twenty-five.

Present:
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> MARIA A. KAHN,
> > *Circuit Judges.*

---

KERRI FLOWERS,

> *Plaintiff-Appellant,*

> v.                                                        23-7259

HARTFORD LIFE AND ACCIDENT INS. CO.,

> *Defendant-Appellee.†*

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | NOAH A. BREAZEALE, Eric Buchanan & Associates, PLLC, Chattanooga, TN. |
| FOR DEFENDANT-APPELLEE: | MICHAEL H. BERNSTEIN, Robinson & Cole LLP, New York, NY. |

---

† The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vyskocil, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Kerri Flowers was employed by Duane Reade as a Regional Human Resources Manager. Through her employment, Flowers was covered under a welfare benefit plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974 and issued to Duane Reade by Defendant-Appellee Hartford Life and Accident Insurance Company ("Hartford"). In 2008, Flowers stopped working and filed an application for long-term disability benefits. Hartford approved her claim and paid her long-term disability benefits from March 12, 2009 until April 7, 2020, when it informed Flowers that her claim for continuing benefits would be denied. After Hartford denied her administrative appeal, Flowers filed a complaint in district court seeking continuing long-term disability benefits under the Plan. Flowers and Hartford filed cross-motions for summary judgment. The district court denied Flowers's motion and granted Hartford's.

On appeal, Flowers argues the district court erred in granting Hartford's motion because Hartford's vocational capacity analysis was based on a fatally flawed vocational report and Hartford ignored Flowers's vocational evidence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's decision to grant summary judgment *de novo*, construing the evidence in the light most favorable to the party against which summary judgment was granted and drawing all reasonable inferences in its favor." *Halo v. Yale Health Plan, Dir. of Benefits &*

2

*Recs. Yale Univ.*, 819 F.3d 42, 47 (2d Cir. 2016) (quoting *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc'y*, 769 F.3d 807, 815 (2d Cir. 2014)). "[W]here the written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is arbitrary and capricious."[1] *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir. 1995) (quotation marks omitted). A plan administrator's decision is arbitrary and capricious if it is "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Id.* at 442 (quotation marks omitted). "Substantial evidence in turn is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the [decisionmaker and] . . . requires more than a scintilla but less than a preponderance." *Miller v. United Welfare Fund*, 72 F.3d 1066, 1072 (2d Cir. 1995) (quotation marks omitted); *see also Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 624 (2d Cir. 2008).

Substantial evidence supports Hartford's denial of Flowers's claim for long-term disability benefits. Drs. Liva, Hussain, and Becker all concluded that Flowers was capable of working for 40 hours per week. Dr. Pintauro, Flowers's treating internist, also indicated in a statement that he agreed with Dr. Liva's conclusions. Although Drs. Barone and Andrus—Flowers's treating rheumatologist and her physical medicine and rehabilitation doctor, respectively—did not respond to Dr. Liva's report, their progress notes indicated normal examination findings and improvement of Flowers's musculoskeletal symptoms over time. As to Flowers's psychiatric limitations, she herself informed Hartford that she had not received mental health treatment since 2018. Finally, Housley's Employability Analysis Report (EAR) identified five occupations for which Flowers

---

[1] Here, the Plan provides that Hartford has "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of [t]he Policy." App'x 2034.

was both qualified and functionally capable of performing. Substantial evidence thus supports Hartford's denial of Flowers's claim. *Cf. Miller*, 72 F.3d at 1072.

Flowers's arguments to the contrary do not change the conclusion that Hartford did not act arbitrarily or capriciously by denying her claim for long-term disability benefits. First, her claim that Hartford's vocational capacity analysis is fatally flawed because the report identified the five occupations as having a Specific Vocational Preparation ("SVP") of 2 and 3 instead of 7 and 8 is without merit. Under the Plan, Flowers would be considered disabled if she could not perform one or more of the essential duties of any occupation for which she is "qualified by education, training or experience." App'x 2035. Here, Flowers is qualified by virtue of her bachelor's degree for the five occupations listed in Housley's EAR. In addition, Flowers's prior experience as a human resources manager at Duane Reade, Home Depot, and Bed Bath & Beyond would allow her to perform the essential duties of those occupations with minimal training. Thus, any internal inconsistency in the report concerning the SVP of those occupations is not material.

Second, Flowers maintains that Hartford did not consider her vocational evidence. The record, however, demonstrates that Hartford did consider Flowers's vocational evidence and found that her claimed restrictions and limitations were not supported. "[A]dministrators may exercise their discretion in determining whether a claimant's evidence is sufficient to support his claim," and "in cases where the evidence conflicts, an administrator's conclusion drawn from that evidence that a claim should be denied will be upheld unless the evidence points so decidedly in the claimant's favor that it would be unreasonable to deny the claim on the basis of the evidence cited by the administrator." *Roganti v. Metro. Life Ins. Co.*, 786 F.3d 201, 212 (2d Cir. 2015). It was thus not arbitrary and capricious for Hartford to credit its own EAR considering the totality of the

4

evidence in the record.

We have considered Flowers's remaining arguments and find them to be without merit.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court